UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RANDY A. HOSKINS a.k.a RANDY A. WHITE,

Docket No.: CV-14-4722

                Plaintiff,

**VERIFIED ANSWER**

     -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, COMMISSIONER OF POLICE
THOMAS DALE, in his individual and official capacity,
CHIEF OF DETECTIVES JOHN CAPECE, in his
individual and official capacity, SERGEANT SAL
MISTRETTA, in his individual and official capacity,
GARY MELIUS, POLICE OFFICERS "JOHN DOE
1-10", in their individual and official capacities,
NASSAU COUNTY SHERIFF'S DEPARTMENT
CORRECTIONS OFFICERS "JOHN DOE 11-20",
in their individual and official capacities, and
ELECTED AND APPOINTED OFFICIALS
"JOHN DOE 21-30",

                Defendants.
-----------------------------------------------------------------X

      The defendant, **GARY MELIUS**, by his attorneys, **WHITE, QUINLAN & STALEY,**

**L.L.P.**, answering the Complaint herein, respectfully alleges:

      1.     DENIES having knowledge or information sufficient to form a belief as to the

truth of each and every allegation of the paragraph of the Complaint designated 1 and refers all

questions of law to the Court.

      2.     DENIES having knowledge or information sufficient to form a belief as to the

truth of each and every allegation of the paragraph of the Complaint designated 2.

      3.     DENIES the truth of each and every allegation of the paragraph of the Complaint

designated 3.

4.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 4.

5.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 5.

6.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 6.

## AS TO
## JURISDICTION AND VENUE

7.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 7 and refers all questions of law to the Court.

8.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 8 and refers all questions of law to the Court.

9.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 9 and refers all questions of law to the Court.

10.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 10.

## AS TO PARTIES

11.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 11.

12.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 12.

13.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 13.

14.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 14, except admits that GARY MELIUS is a businessman and who has made donations to political campaigns.

15.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 15.

16.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 16.

17.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 17.

18.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 18.

19.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 19 and refers all questions of law to the Court.

20.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 20.

## AS TO FACTUAL ALLEGATIONS

21.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 21.

22.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 22, except admits that GARY MELIUS, donated money to Hardwick and Mongano campaigns.

23.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 23.

24.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 24.

25.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 25.

26.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 22, except admits that at some time in October 2013, GARY MELIUS spoke to Commissioner Dale.

27.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 27 as against GARY MELIUS and denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants as set forth in the paragraph of the Complaint designated 27.

28.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 28.

29.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 29.

30.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 30.

31.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 31.

32.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 32.

33.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 33.

34.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 34.

35.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 35.

36.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 36.

37.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 37.

38.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 38.

39.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 39.

40. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 40.

41. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 41.

42. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 42.

### AS TO COUNT ONE
### ABUSE OF PROCESS
### VIOLATION OF 42 U.S.C. § 1983

43. This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 42, inclusive, as repeated and reiterated in paragraph designated 43 of the Complaint.

44. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 44.

45. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 45.

46. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 46.

47. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 47.

48. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 48.

49. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 49 and refers all questions of law to the Court.

50. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 50.

51. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 51.

52. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 52.

### AS TO COUNT TWO
### CIVIL RICO
### VIOLATION OF 18 U.S.C. § 1961(d)

53. This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 52, inclusive, as repeated and reiterated in paragraph designated 53 of the Complaint.

54. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 54.

55. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 55.

56. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 56.

57. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 57.

58. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 58.

59. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 59.

59(a).  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 59(a).

59(b).  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 59(b).

59(c).  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 59(c).

60.  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 60.

61.  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 61.

62.  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 62.

63.  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 63.

64.  DENIES the truth of each and every allegation of the paragraph of the Complaint designated 64.

## AS TO COUNT THREE
### UNLAWFUL SEARCH and SEIZURE
### VIOLATION OF 42 U.S.C. § 1983.4TH and 14TH AMENDMENTS

65.  This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 64, inclusive, as repeated and reiterated in paragraph designated 65 of the Complaint.

66.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 66 and refers all questions of law to the Court.

67.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 67 and refers all questions of law to the Court.

68.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 68 and refers all questions of law to the Court.

69.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 69 and refers all questions of law to the Court.

70.     DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 70 and refers all questions of law to the Court.

71.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 71.

## AS TO COUNT FOUR
## SELECTIVE ENFORCEMENT and PROCEDURAL DUE PROCESS
## VIOLATION OF 42 U.S.C. § 1983 5TH and 14TH AMENDMENTS

72.     This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 71, inclusive, as repeated and reiterated in paragraph designated 72 of the Complaint.

73.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 73 and refers all questions of law to the Court.

74.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 74 and refers all questions of law to the Court.

75.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 75 and refers all questions of law to the Court.

76.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 76 and refers all questions of law to the Court.

77.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 77.

78.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 78.

79.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 79.

80.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 80.

81.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 81.

## AS TO COUNT FIVE
## VIOLATION OF 42 U.S.C. § 1981

82. This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 81, inclusive, as repeated and reiterated in paragraph designated 82 of the Complaint.

83. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 83.

84. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 84.

85. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 85 and refers all questions of law to the Court.

86. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 86.

87. DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 87 and refers all questions of law to the Court.

88. DENIES the truth of each and every allegation of the paragraph of the Complaint designated 88.

## AS TO COUNT SIX
## CONSPIRACY VIOLATE RIGHTS
## VIOLATION OF 42 U.S.C. § 1985

89.     This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 88, inclusive, as repeated and reiterated in paragraph designated 89 of the Complaint.

90.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 90.

91.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 91.

92.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 92.

93.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 93.

94.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 94.

95.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 95.

96.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 96.

97.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 97.

98.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 98.

99.     DENIES the truth of each and every allegation of the paragraph of the Complaint designated 99.

**AS TO COUNT SEVEN**
**FAILURE TO INTERVENE**
**VIOLATION OF 42 U.S.C. § 1986**

100.    This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 99, inclusive, as repeated and reiterated in paragraph designated 100 of the Complaint.

101.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 101.

102.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 102.

103.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 103 and refers all questions of law to the Court.

104.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 104.

105.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 105.

106.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 106.

107.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 107.

108.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 108.

### AS TO COUNT EIGHT
### MUNICIPAL LIABILITY
### VIOLATION OF 42 U.S.C. § 1983

109.   This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 108, inclusive, as repeated and reiterated in paragraph designated 109 of the Complaint.

110.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 110.

111.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 111.

112.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 112.

113.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 113.

114.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 114.

115.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 115.

116.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 116.

117.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 117.

118.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 118.

119.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 119.

## AS FOR COUNT NINE
## NEW YORK - NEGLIGENCE

120.   This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 119, inclusive, as repeated and reiterated in paragraph designated 120 of the Complaint.

121.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 121.

122.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 122.

123.   DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 123.

124.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 124.

125.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 125.

126.   DENIES the truth of each and every allegation of the paragraph of the Complaint designated 126.

## AS TO COUNT TEN
## NEW YORK LAW – ASSAULT & BATTERY

127.    This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 126, inclusive, as repeated and reiterated in paragraph designated 127 of the Complaint.

128.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 128.

129.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 129.

130.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 130.

131.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 131.

132.    DENIES having knowledge or information sufficient to form a belief as to the truth of each and every allegation of the paragraph of the Complaint designated 132.

133.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 133.

## AS TO COUNT ELEVEN
## NEW YORK LAW – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

134.    This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 133, inclusive, as repeated and reiterated in paragraph designated 134 of the Complaint.

135.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 135.

136.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 136.

137.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 137.

138.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 138.

## AS TO COUNT TWELVE
## NEW YORK – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

139.    This defendant repeats and realleges each and every denial contained in the foregoing Answer with reference to paragraphs of the Complaint marked 1 through 138, inclusive, as repeated and reiterated in paragraph designated 139 of the Complaint.

140.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 140.

141.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 141.

142.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 142.

143.    DENIES the truth of each and every allegation of the paragraph of the Complaint designated 143.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      That the Complaint fails to state of a cause of action against the defendant GARY MELIUS.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      That all of the actions of the defendant, GARY MELIUS, were in accordance with his rights as a private citizen of the United States of America.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      That the defendant, GARY MELIUS, did not violate any laws of the State of New York or the United States.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Upon information and belief, in the event plaintiff, RANDY A. HOSKINS a.k.a RANDY A. WHITE, recovers at time of trial against this defendant, GARY MELIUS, such recovery for non-economic loss shall not exceed defendant GARY MELIUS's equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the defendant is found to be fifty percent (50%) or less of the total liability of all persons, parties and/or entities liable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      That whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint were in whole or in part the result of the plaintiff's own culpable conduct, without any negligence or culpable conduct on the part of the defendant contributing thereto.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.     To the extent plaintiff seeks to recover for past or future cost of medical/dental care, custodial care, rehabilitation services, loss of earnings or other economic loss, defendant is entitled to a reduction in any award based thereon by the amount equal to that by which the cost was reimbursed, replaced or indemnified by a collateral source as provided for in Section 4545 of the CPLR and General Obligations Law § 5-335.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.     That at all times mentioned in the Complaint and at all times following the alleged incident the plaintiff herein has failed to mitigate his damages pursuant to law, statute and agreement and therefore, has sustained no damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.     At all times herein the defendant, GARY MELIUS, was acting as a private citizen and at no time was he acting under color of state law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.     At no time did the defendant, GARY MELIUS, violate any rights, privileges, or immunities of the plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.     That any of the alleged injuries suffered by the plaintiff were not proximately caused by plaintiff's alleged RICO violation.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.     This answering defendant hereby joins in and incorporates herein all Affirmative Defenses set forth by the co-defendants in the Answers interposed by them to the extent that Affirmative Defenses are applicable.

**AS A BASIS FOR AFFIRMATIVE RELIEF
AND AS AND FOR A CROSS-COMPLAINT
AGAINST DEFENDANTS, COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
COMMISSIONER OF POLICETHOMAS DALE,
in his individual and official capacity,
CHIEF OF DETECTIVES JOHN CAPECE, in his
individual and official capacity, SERGEANT SAL
MISTRETTA, in his individual and official capacity,
POLICE OFFICERS "JOHN DOE 1-10", in their
individual and official capacities, NASSAU COUNTY
SHERIFF'S DEPARTMENT CORRECTIONS
OFFICERS "JOHN DOE 11-20", in their individual
and official capacities, and ELECTED AND
APPOINTED OFFICIALS "JOHN DOE 21-30",
THE ANSWERING DEFENDANT, GARY MELIUSALLEGE(S):**

That if the plaintiff was caused to sustain damages at the time and place set forth in the

plaintiff's Complaint through any carelessness, recklessness, and negligence other than plaintiff's

own, said damages arose in whole or in part from the negligence of co-defendants and if any

judgment is recovered herein by the plaintiff against answering defendant, GARY MELIUS, it

will be damaged thereby, and the answering defendant, GARY MELIUS, will be entitled to

indemnity and/or contribution on the basis of proportionate responsibility in negligence from the

co-defendants above named.

## DEMAND FOR TRIAL BY JURY

This answering defendant hereby demands a trial by jury on all issues.

**WHEREFORE,** the answering defendant, GARY MELIUS, demands judgment

dismissing the Complaint herein as to this answering defendant with costs and disbursements,

and further demands that the ultimate rights of the answering defendants and co-defendants as

between themselves be determined in this action, and that the answering defendant, GARY

MELIUS, has judgment over against the co-defendants for all or a part of any verdict or

judgment which may be obtained herein by the plaintiff against the answering defendant, GARY

MELIUS, together with the costs and disbursements of this action and for such other and further

relief as this Court deems just and proper.

Dated:     Garden City, New York
           November 3, 2014

                        Yours, etc.

                        *Michael W. Butler*

                      By: MICHAEL W. BUTLER, ESQ.
                      mbutler@wqslaw.com
                      WHITE, QUINLAN & STALEY, L.L.P.
                      Attorneys for Defendant
                      GARY MELIUS
                      377 Oak Street, Suite 301
                      Garden City, NY 11530
                      Tel. 516-222-2434
                      Fax No. 516-222-2434
                      File No. 9977-A

TO:      LAW OFFICES OF
         FREDERICK K. BREWINGTON
         Attorneys for Plaintiff
         556 Peninsula Blvd.
         Hempstead, NY 11550
         (516) 489-6959

         Daniel A. Bartoldus, Esq.
         LEWIS, JOHS, AVALLONE & AVILES, LLP.
         Attorneys for Defendants
         COUNTY OF NASSAU, NASSAU COUNTY
         POLICE DEPARTMENT and NASSAU COUNTY
         SHERIFF'S DEPT.
         One CA Plaza – Suite 225
         Islandia, NY 11749
         (631) 755-0101
         File #: 0153.1321.0000

         Brian A. A'Hearn, Esq.
         REBORE, THORPE & PISARELLO, PC
         Attorneys for Defendant
         SERGEANT SAL MISTRETTA
         500 Bi-County Blvd. – Suite 214N
         Farmingdale, NY 11735
         (631) 249-6600

James A. Pascarella, Esq.
THE PASCARELLA LAW FIRM PLLC.
Attorneys for Defendant
JOHN CAPECE
1551 Franklin Avenue
Mineola, NY 11501
(516) 742-1134

## ATTORNEY VERIFICATION

STATE OF NEW YORK     }

                        S.S.:

COUNTY OF NASSAU     }

        The undersigned, MICHAEL W. BUTLER, ESQ., affirms the following statement to be true under penalties of perjury pursuant to *Rule 2106 of the Civil Practice Law and Rules.*

        That your affirmant is associated with the firm of WHITE, QUINLAN & STALEY, attorneys for the defendant, GARY MELIUS, in the above-entitled action.

        That your affirmant has read the foregoing ANSWER and knows the contents thereof, and that the same is true to the knowledge of your affirmant except as to the matters therein alleged upon information and believe and that as to those matters he believes them to be true.

        That the reason why this affirmation is being made by your affirmant and not by the said defendant is that said defendant does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

        That the source of your affirmant's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated:        Garden City, New York
              November 3, 2014


                               _____
                               MICHAEL W. BUTLER, ESQ.

Docket No.: CV-14-4722
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RANDY A. HOSKINS a.k.a RANDY A. WHITE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, COMMISSIONER
OF POLICE THOMAS DALE, in his individual and official capacity, CHIEF OF
DETECTIVES JOHN CAPECE, in his individual and official capacity, SERGEANT SAL
MISTRETTA, in his individual and official capacity, GARY MELIUS, POLICE OFFICERS
"JOHN DOE1-10", in their individual and official capacities,NASSAU COUNTY SHERIFF'S
DEPARTMENT CORRECTIONS OFFICERS "JOHN DOE 11-20", in their individual and
official capacities, and ELECTED AND APPOINTED OFFICIALS "JOHN DOE 21-30",

Defendants.

## VERIFIED ANSWER

**WHITE, QUINLAN & STALEY, L.L.P.**
**Attorneys for Defendant**
**GARY MELIUS**
**377 Oak Street, Suite 301**
**Garden City, New York 11530-9304**
**Tel. (516) 222-2434**
**Fax (516)-222-2508**
**File No. 9977-A**